JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-5634 PA (SKx) | Date | August 30, 2023 |
|---|---|---|---|
| Title | Bernard Robins v. City of Los Angeles, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sail-Salesman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The August 24, 2023 Minute Order and Judgment dismissing this action without prejudice were issued in error. The Minute Order and Judgment are vacated (Docket Nos. 16 and 17). The Court has been advised that Plaintiff wishes to dismiss his sole federal claim without prejudice. Accordingly, Plaintiff's second claim for an unlawful search and seizure is dismissed without prejudice.

While the Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a), the Court may decline supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, Plaintiff has dismissed the sole federal claim over which the Court had original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) (where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted). The Court further exercises its discretion and remands those claims to state court. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining . . . ."). The clerk is ordered to remand this action to the Los Angeles County Superior Court, Case No. 23STCV12170. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.